**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **HARVEY GINS LLC AND HARVEY FERTILIZER AND GAS CO.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CASE NO.:** 2:26-cv-00719 |
| **WILLIAM CROWDER, HOPE HULL COTTON LLC, KIMBERLY K. CROWDER AND THE CROWDER FAMILY IRREVOCABLE TRUST** | ) | |
| **Defendants.** | ) | |

# COMPLAINT

Harvey Gins, LLC, and Harvey Fertilizer and Gas Co. submit this complaint against William Crowder and Hope Hull Cotton LLC as follows:

## PARTIES

1. Harvey Gins LLC is a North Carolina company, organized under the laws of Delaware with its principal place of business at 1291 Hwy 258 North, Kinston, N.C. 38504.

2. Harvey Fertilizer and Gas Co. is a North Carolina company, organized under the laws of North Carolin with its principal place of business located at 1291 Hwy 258 North, Kinston, N.C. 28504.

3. William E. Crowder Jr. is a resident of Lowndes County, Alabama and is over the age of nineteen years.

4. Kimberly K. Crowder is a resident of Lowndes County, Alabama and is over the age of nineteen years.

5. Hope Hull Cotton LLC is an Alabama company, organized under the laws of Alabama with its registered office located at 600 Boulevard South SW, Suite 104J, Huntsville, AL 35802.

6. The Crowder Family Irrevocable Trust, a Trust created under the laws of Alabama.

**JURISDICTION AND VENUE**

7. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists in this matter and the amount in controversy in this matter, exclusive of interests and costs, is in excess of $75,000.

8. Venue is appropriate pursuant to 28 U.S.C. § 1391 because William E. Crowder Jr. and Kimberly K Crowder reside in Lowndes County, Alabama and the transactions, which are the subject of this action, occurred in Lowndes County, Alabama and Montgomery County, Alabama.

**FACTUAL BACKGROUND**

9. William E. Crowder Jr. and his company, Hope Hull Cotton, LLC knowingly defrauded the following farmers: Gay Farms Inc; Boerema Dairy Inc; Phil Bullock/Foxcroft; Dwayne Ange; Marion L. Pridgen Farms; Charles Tucker; Drake Farms/Town Creek Farms; Siver Lake Farms; Roland Sanderson; Bissette Farms Inc; Bruce Farmer, Douglas Farmer, and Alan Farmer; Michael Mumford; Cody Hale; Plowboy Farms, LLC/Harris Farms Partners, LLC/Little Harris Farms, LLC; Mozingo Farms/Z Rows; Johnathan Richardson; Aaron Ashley Creech; Trevor Barefoot; Robert S. Sills; Faulkner Farms, LLC; Tull Hill Farms; Singletary Farms, LLC; Alson Glenwood Fryar, Jr.; Anderson Farms; Joe Stilly; Kyle Hardy; John Grimes; Justin Smith; and Duane Smith ("the Defrauded Farmers").

10. In 2022 Hope Hull Cotton and William E. Crowder Jr. obtained and withheld money owed to the Defrauded Farmers for his own use.

11. In 2023, when the Defrauded Farmers came calling for the money they were owed, Hope Hull Cotton and William E. Crowder Jr. delaying payments hoping that they could get new money from farmers in 2023, which could be used to pay the 2022 farmers.

12. In other words, Hope Hull Cotton and William E. Crowder Jr.'s Ponzi scheme had begun to fall apart in early 2023 and by October 2023, Hope Hull Cotton and William E. Crowder Jr. were officially "buying time" by stealing from 2023 farmers as part of a Ponzi scheme they knew had spiraled out of control.

13. At this point, William E. Crowder Jr. began transferring assets to avoid creditors.

14. The defendants made numerous statements to the plaintiffs asserting they are "judgment proof."

15. On or about February 21, 2024, William E. Crowder Jr. signed a deed transferring ownership of certain real estate from himself to the Crowder Family Irrevocable Trust. Said deed is recorded in Deed Book 2024, Page 194 in the Office of the Judge of Probate of Lowndes County, Alabama. *See Warranty Deed* (attached as Exhibit A).

16. On or about February 21, 2024, William E. Crowder Jr. signed a deed transferring ownership of certain real estate from himself to the Crowder Family Irrevocable Trust. Said deed is recorded in Deed Book 2024, Page 196 in the Office of the Judge of Probate of Lowndes County, Alabama. *See Warranty Deed* (attached as Exhibit B).

17. The deed transfers made by William E. Crowder described above, as well as other transfers which may be uncovered through discovery, are voidable as to Plaintiff pursuant to the Alabama Uniform Voidable Transfers Act, which is found at Alabama Code § 8-9B-1 through 8-9B-16 ("the Act").

18. On October 24, 2025, Plaintiffs filed a Complaint alleging the fraudulent scheme of Hope Hull Cotton and William E. Crowder Jr., in Lenoir County, North Carolina with the General Court of Justice, Superior Court Division.[1]

19. On January 15, 2026, William E. Crowder used funds from his investment accounts and purchased a Ford F-250. The title to this vehicle, however, was put in the name of Kimberly Kae Crowder; thereby effectively transferring assets to Kimberly Kae Crowder.

20. On February 16, 2026, the Lenoir County Superior Court entered default judgment against William Crowder and Hope Hull Cotton LLC for $15,956,504.37 for claims of fraud, conversion, and unfair and deceptive trade practices, which they owe to the plaintiffs, plus $476 in court costs.

21. Sometime around June 2026, William E. Crowder used funds from his investment accounts and purchased a 2026 Lexus RX. However, the title to this vehicle was put in the name of Kimberly Kae Crowder; thereby effectively transferring assets to Kimberly Kae Crowder.

**<u>COUNT ONE</u>**

**ALABAMA UNIFORM VOIDABLE TRANSFERS ACT**

22. Harvey Gins, LLC, and Harvey Fertilizer and Gas Co. adopt and incorporate all preceding paragraphs of this complaint as if the same were set forth herein.

23. Upon information and belief, on or about February 21, 2024, William E. Crowder Jr. signed deeds transferring ownership of certain real estate from himself to the Crowder Family Irrevocable Trust in an attempt to hinder, delay, or defraud Harvey Gins LLC and Harvey Fertilizer and Gas

---

[1] The Defrauded Farmers assigned their claims to Harvey Gins LLC and Harvey Fertilizer and Gas Co. ("Plaintiffs") in the context of a larger corporate transaction where the Defrauded Farmers agreed to give Plaintiff Harvey Fertilizer a right of first refusal to sell inputs to Defrauded Farms for a set number of years, the Defrauded Farmers agreed to certain amounts of credits for inputs (and in some cases, cash), and the Defrauded Farmers agreed to gin cotton at Harvey Gins. In exchange for the consideration provided by Plaintiffs, the Defrauded Farmers assigned their commercial tort claims to Plaintiffs.

Co. in anticipation of a monetary judgment that would greatly outstrip his ability to pay. *See Exhibit A and B* (the deeds transferring ownership from William E. Crowder Jr. to the Crowder Family Trust).

24. Upon information and belief, on or about January 15, 2026, William Crowder transferred used funds from his investment accounts to purchase a 2026 Ford F-250 in the name of Kimberly K. Crowder in anticipation of a monetary judgment that would greatly outstrip his ability to pay.

25. Section 8-9B-5 provides in pertinent part as follows:

> (a) A transfer made by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer:
>
> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (2) without receiving a reasonably equivalent value in exchange for the transfer, and the debtor:
>
> (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.
>
> (b) In determining actual intent under subsection (a)(1), consideration may be given, among other factors, to whether:
>
> (1) the transfer was to an insider;

(2) the debtor retained possession or control of the property transferred after the transfer;

(3) the transfer was concealed or not disclosed;

(4) before the transfer was made, the debtor had been sued or threatened with suit;

(5) the transfer was of substantially all the debtor's assets;

(6) the debtor absconded;

(7) the debtor removed or concealed assets;

(8) the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred;

(9) the debtor was insolvent or became insolvent shortly after the transfer was made;

(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.

26. The transactions described above, as well as other transfers or conveyances that may be revealed in discovery, are voidable transactions pursuant to the Act.

WHEREFORE, Harvey Gins LLC and Harvey Fertilizer and Gas Co. request a judgment that the transfers described above, as well as any other transfer made by William Crowder or Hope Hull Cotton LLC in anticipation of and in an attempt to avoid monetary liability, are void and thus, Harvey Gins LLC and Harvey Fertilizer and Gas Co. may levy execution on the assets or their proceeds or obtain any other relief which the Court deems proper pursuant to the Act.

Respectfully submitted this 11th day of September 2026.

CAPELL & HOWARD, P.C.

John E. Searcy Jr. (SEA029)
Attorney for Plaintiffs

OF COUNSEL:
Capell & Howard, P.C.
150 S. Perry Street
Montgomery, AL 36104
Telephone: (334) 241-8064
Facsimile: (334) 323-8888
Email: John.Searcy@chlaw.com

Service will be directed to the following Defendants:

William E. Crowder Jr.
12061 County Road 26
Hope Hull, AL 36043

Kimberly Kae Crowder
12061 County Road 26
Hope Hull, AL 36043

Family Crowder Irrevocable Trust
12061 County Road 26
Hope Hull, AL 36043

Hope Hull Cotton LLC
600 Boulevard South SW, Suite 104J
Huntsville, AL 35802